[Civ. No. 7786. First Appellate District, Division One.—October 30, 1931.]

H. BURT, Appellant, v. PHILADELPHIA SHOE COMPANY (a Corporation), Respondent.

William H. Hollander for Appellant.

Norman A. Eisner for Respondent.

THE COURT.—The above action was upon two counts for shoes sold and delivered to defendant the claims for which were assigned to plaintiff. The first was for a balance of $1195.18, alleged to be due to Arch-Aid Shoe Company, a corporation, and the second for $153.77, claimed by the Menihan Company, also a corporation.

After the suit was brought defendant paid to Arch-Aid Shoe Co. $500, which was accepted and credited upon its claim at the time of the trial. As against the balance of this account defendant set up two counterclaims, one for damages in the sum of $750, alleged to be due to the fact that certain shoes sold by sample were defective and not equal to the sample; the other for a sum alleged to be due under a contract between defendant and the shoe company by which the latter agreed to pay one-half of the cost of erecting and maintaining an electric sign, advertising its shoes. Defendant further alleged that $87.47 had been paid upon the claim of the Menihan Company.

The court found that Arch-Aid Shoe Co. sold and delivered to defendant certain shoes for an agreed price, of which at the time of the assignment the sum of $695.18 was unpaid; but it further found that the allegations of defendant's counterclaims against this assignor were true, and that payment upon the claim of Menihan Co. was made as alleged. Judgment was accordingly entered, adjudging in effect that plaintiff take nothing upon the claim of Arch-Aid Shoe Co., but should recover the balance of the claim of the Menihan Co., namely, $73.62.

Plaintiff moved for a new trial, which was denied, and has appealed from the judgment, the grounds therefor being that the findings are not supported, and errors in the admission of evidence.

It was testified that for a period of about ten years defendant was the agent for the Arch-Aid shoes in San Francisco, the custom being to select and purchase shoes from samples. A certain percentage of the shoes shipped would prove defective, but the defects were not usually discoverable until the same were sold and worn by the customers. It ac-

cordingly became the practice for the shoe company to give credit to the defendant for refunds to customers and repairs to defective shoes. In July, 1929, the shoe company terminated the agency, at which time defendant had in stock Arch-Aid shoes of the value of approximately $10,000, upon which no allowance for defects had been made. It was also testified that between January, 1929, and March, 1930, the returns of defective shoes from this stock were $628.34; for repairs $106.60, and allowances to customers $29.50. According to the manager of defendant's store, who was shown to be experienced in the business, the difference in the value of the stock on hand and of the same had it been in accordance with the samples was $750. Plaintiff objected to this evidence on the ground that the proper foundation had not been laid, it not being shown that the witness had examined all the shoes in stock. We think, in view of the evidence of the defects which appeared during the period mentioned and the testimony of the witness that his conclusion was based upon defendant's books, the charges made against defects, adjustments with customers and merchandise returned, that his knowledge of the condition of the stock was sufficiently shown.

Plaintiff argues that certain letters written by defendant tend to show that its counterclaim was an afterthought, and that the testimony of certain witnesses was not credible. The court saw and heard these witnesses and was the sole judge of their credibility (Code Civ. Proc., sec. 1847); and their testimony contains nothing inherently improbable. The evidence concerning this counterclaim was conflicting, and the same is true of the second counterclaim for part of the cost of constructing and maintaining the electric sign. Under such circumstances the findings of the trial court cannot be disturbed (*Aronson Co.* v. *Pearson*, 199 Cal. 295 [249 Pac. 191]).

The finding of part payment of the claim of Menihan Co. is not attacked.

The evidence was sufficient to support the conclusions of the trial court, and no error is shown which would justify a reversal of the judgment.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 28, 1931.